**Thomas W. RANSDELL, Merrill J. Hansen, Thomas Ecker, Robert Shaw, Maurice Bell, Frank Czieski, Peter R. Baker, Dale J. Kopp, Alvin Lemere, William Fitzsimmons and Fred Pritchard, Plaintiffs,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, a Labor Organization, Northwest District Lodge No. 143, Local Lodge 1904 IAMAW, International Association of Machinists and Aerospace Workers, a Labor Organization, and Eugene Glover, Individually and as an officer or representative of said International Association of Machinists and Aerospace Workers, Defendants.**

Civ. A. No. 72–C–55.

United States District Court, E. D. Wisconsin.

Jan. 31, 1978.

Truman Q. McNulty, Gary A. Marsack, Milwaukee, Wis., for plaintiffs.

Robert E. Gratz, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a suit by several members of the defendant union seeking to restrain the union ("IAMAW") from disciplining them for crossing the picket lines of a sister union during a strike against Northwest Airlines in 1970. The suit was dismissed by order dated September 6, 1973, on the ground that § 101(a)(4) of the Landrum-Griffin Act, 29 U.S.C. § 411(a)(4), precluded all causes of action by union members against their union which are financed by the employer. Subsequently on March 21, 1975, the plaintiffs' motion to reconsider was granted as to Count II of their first amended complaint, based on the decision of the Seventh Circuit Court of Appeals in

*Adamszewski v. Local Lodge 1487, I. A. M. A. W.*, 496 F.2d 777 (7th Cir. 1974), which held that § 411(a)(4) does not necessarily preclude an action which is not based on 29 U.S.C. § 412. The plaintiffs' motion to reconsider as to Counts I and III of their first amended complaint was denied for the reasons set forth in the order of dismissal of March 6, 1973, and the decision and order of March 21, 1975. This ruling was reiterated in the Court's order of February 25, 1977, following the pretrial conference held February 15, 1977, and is again repeated at this time. The plaintiffs have not convinced the court that it was in error in dismissing Counts I and III on September 6, 1973, and the Court declines to reverse that order.

Therefore, there remains for the court to consider at this time only Count II of the plaintiffs' first amended complaint, as incorporated in the second amended complaint, wherein plaintiffs seek injunctive relief to enforce the back-to-work agreements entered into between the defendant IAMAW and Northwest Airlines as part of the strike settlement. Plaintiffs claim that they are third-party beneficiaries of the agreements. They further claim that unless injunctive relief is granted, they will be subjected to continued violations of the agreements.

Paragraph VI of the agreement entered into between Northwest Airlines and the IAMAW on December 8, 1970, provides:

"There will be no reprisals, recriminations, disciplinary actions, grievances or reprimands by either party against any employee represented by IAMAW because of any action or non-action during or arising from the strike."

Paragraph 4 of a further agreement entered into between them on December 9, 1970 provides:

"Northwest Airlines and the IAMAW, their members and their officers, will not initiate any further actions or proceedings in any court or before any agency or in any other forum seeking damages or any other relief for any claim or cause arising out of the circumstances of the strike by the BRAC against Northwest Airlines which commenced on July 8, 1970."

Thereafter on December 14, 1970, the IAMAW distributed to its members at Northwest Airlines an information bulletin which stated in paragraph 10: "There will be NO reprisals, recriminations, disciplinary actions, grievances or reprimands by either party except that IAM members *are subject to the rules of the Constitution.*" (Italics in the original.)

The plaintiffs claim that these agreements guaranteed them protection from any form of recrimination or reprisal by the IAMAW for their actions in crossing the picket lines during the strike. They state that despite the agreements, charges were filed against them by Local Lodge 1904 for accepting employment at Northwest Airlines during the strike, that each of them was fined $300, that they were expelled from Local Lodge 1904 for failure to pay the fines, and that they were barred from holding union office for a period of five years. Plaintiffs request injunctive relief to enforce the back-to-work agreements and to restrain the defendants from attempting to collect the fines imposed or to enforce the other disciplinary sanctions imposed on plaintiffs.

Leave was granted to the plaintiffs on September 5, 1975, to file a second amended complaint incorporating the allegations of Count II of the first amended complaint. In the second amended complaint, plaintiffs requested additional relief in the form of compensatory and punitive damages and attorneys' fees. They have since withdrawn their request for punitive damages by letter dated August 26, 1977.

In the order dated February 25, 1977, following the pretrial conference held on February 15, 1977, the Court ordered the parties to submit briefs on any issues remaining in the case and stated that if there were no additional facts to those stipulated in the pretrial report, the Court would decide the matter on the present record. In compliance with this order the parties have submitted pretrial briefs, and the matter is now before the Court for final decision.

■ The narrow issue before the Court is whether or not the defendants violated the no-reprisal agreements entered into with Northwest Airlines by maintaining disciplinary actions against the plaintiffs. Jurisdiction is founded on § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The no-reprisal clause in the back-to-work agreement is a "contract" cognizable under § 301(a). See *Adamszewski v. Local Lodge 1487, I. A. M. A. W.*, 496 F.2d 777, 786 (7th Cir. 1974). The Court therein did not decide whether the plaintiffs had standing to bring an action against the union for refusing to honor the rights conferred on employees by union promises contained in the no-reprisal agreements. At this time the Court finds that the plaintiffs have standing to bring the present action. See *Buzzard v. Local Lodge 1040 International Association of Machinists and Aerospace Workers*, 480 F.2d 35, 40 (9th Cir. 1973). As stated by the court in *Buzzard* at page 40:

"While we have been unable to find any case for the proposition that § 301 will support a suit by a union member against his union for redress from union refusal to honor rights conferred on employees by *Union* promises in the collective bargaining agreement, we are convinced that § 301 does confer such jurisdiction. The union's duty of fair representation is equally violated when it refuses arbitrarily and in bad faith to honor *its* obligations, under a collective bargaining agreement, which are designed to benefit its members." [Emphasis in original.]

Fair representation includes the duty imposed on a union to represent fairly all of its members in the enforcement of collective bargaining agreements. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■ The defendants argue that the no-reprisal agreements were entered into by Northwest Airlines on behalf of itself and not on behalf of the union members who returned to work during the strike, and that the union did not thereby give up its right under the IAMAW Constitution to discipline union members for violation of union orders. The Court does not agree. Paragraph VI of the December 8, 1970, agreement entered into by Northwest Airlines and the IAMAW clearly states that there shall be no reprisals by either party to the agreement against any employee represented by IAMAW because of any action or non-action during the strike. It is difficult, if not impossible, to comprehend on whose behalf the agreement was entered into, if not that of the Northwest Airlines employees represented by the IAMAW who crossed the picket lines in violation of a union order. The Court is not impressed by the defendant union's argument that the interpretation of a union constitution is a task which by law is given in the first instance to the union and which courts should eschew, unless necessity and an obviously irrational reading of the constitution require otherwise, and therefore that the Court must accept the defendants' interpretation of the no-reprisal agreements. It is undoubtedly the case that a union has the authority to interpret its own constitution, but that does not affect the determination as to whether the no-reprisal agreements constitute a waiver of union rights in reference to internal disciplinary matters in the particular situation in reference to which the agreements were entered into. The Court finds that the agreements were entered into by Northwest Airlines and the IAMAW on behalf of the union members who returned to work in violation of a union order, and that the union is liable to those employees for breach of contract for its subsequent institution of disciplinary action against them.

The plaintiffs claim that they are entitled to compensatory damages in the sum of $991.75, and to attorneys' fees and costs for Count II of the first amended complaint as incorporated in the second amended complaint. Attorneys' fees are not authorized by Congress for actions brought under § 301. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, the Court finds that the sums claimed by Mr. Ransdell were expended by him on behalf of himself and the other plaintiffs in prosecuting the appeal from the decision of Local Lodge 1904 through union channels, and that they constitute compensatory damages to which he is entitled.

Two issues raised by the defendants remain to be considered. First, the defendants request that Count II of the complaint be dismissed against all parties except the defendant union. They argue that Local Lodge 104 was not a party to the no-reprisal agreements, that District Lodge 143 was bypassed by stipulation of the parties during the intra-union appeal process resulting from the disciplinary proceedings against the plaintiffs and therefore is not involved in this matter, and that Eugene Glover is not a proper party defendant since § 301 does not authorize suits against individual union officials. The request is denied as to all parties. Local Lodge 104 and District Lodge 143, although not direct parties to the no-reprisal agreements, are bound by its terms and are the local and district level enforcement units of the IAMAW. Mr. Eugene Glover, at all times relevant the chairman of the IAMAW in Washington, D. C., is subject to suit under § 301 in his representative capacity. Section 301 does not, however, authorize monetary assessments against union officials. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 at 245–249, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

Second, the defendants' argue that the Court should award them attorneys' fees on Counts I and II of the first amended complaint in order to vindicate the congressional policy set forth in § 101(a)(4) of the Landrum-Griffin Act against employer-financed suits by union members against their union. The Court declines to make the award. The award of attorneys' fees is a matter within the Court's discretion, *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), and in the opinion of the Court, the equities of the situation do not justify an award in this instance.

For the foregoing reasons,

IT IS ORDERED that the defendants be permanently enjoined from proceeding any further with or enforcing in any manner the disciplinary proceedings against the plaintiffs arising out of their actions during the 1970 strike against Northwest Airlines.

IT IS FURTHER ORDERED that the plaintiffs be restored to full, honorable membership in their union, and that a notice to that effect setting forth verbatim the terms of this order be posted in their respective union offices, to remain for a period of ninety (90) days.

IT IS FURTHER ORDERED that the defendant IAMAW pay to the plaintiff Thomas W. Ransdell compensatory damages in the amount of $991.75.